```
UNITED STATES DISTRICT COURT                        C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ERIC H. RICHMOND,                                   :
                                                    :
                    Appellant,                      :
                                                    :
                                                    :    14 Civ. 5957 (BMC)
           -against-                                :
P.B. #7, LLC,                                       :
                    Appellee.                       :
                                                    :
----------------------------------------------------------- X
231 FOURTH AVENUE LYCEUM, LLC,                      :
                                                    :
                    Appellant,                      :
                                                    :
                                                    :    14 Civ. 6557 (BMC)
           -against-                                :
PB#7, LLC,                                          :
                    Appellee.                       :
                                                    :
----------------------------------------------------------- X
ERIC H. RICHMOND,                                   :
                                                    :
                    Appellant,                      :
                                                    :
                                                    :    14 Civ. 7112 (BMC)
           -against-                                :
P.B.#7, LLC,                                        :
                    Appellee.                       :
                                                    :
----------------------------------------------------------- X
231 FOURTH AVENUE LYCEUM, LLC,                      :
                                                    :
                    Appellant,                      :
                                                    :
                                                    :    14 Civ. 7113 (BMC)
           -against-                                :
P.B. #7, LLC,                                       :
                    Appellee.                       :
                                                    :
----------------------------------------------------------- X
```

**MEMORANDUM DECISION AND ORDER**

**COGAN**, District Judge.

These appeals from four Orders of the Bankruptcy Court are consolidated for disposition. They arise out of two related reorganization proceedings, one of a company debtor under Chapter 11and one of the company's individual owner and guarantor of the company's mortgage debt under Chapter 13. Once the Bankruptcy Court lifted the automatic stay in both cases, the mortgagee creditor's foreclosure action went forward and the real property which was the company debtor's principal asset was sold.

The procedural posture of these appeals, and the sale of the company's principal asset, has rendered these appeals moot. The appeals are therefore dismissed.

**I**

There is one business entity debtor, the appellant 231 Fourth Avenue Lyceum, LLC ("Lyceum"), in case nos. 14-cv-6557 and 14-cv-7113 , and one individual debtor, appellant Eric Richmond, in case nos. 14-cv-5957 and 14-cv-7112. Richmond is the President of Lyceum and its sole shareholder.[1] Lyceum owned a parcel of commercial real estate located in Brooklyn, a former public bathhouse. Through a related corporation, Lyceum leased the building as an "event space" for single-use parties and events.

The property, which constituted Lyceum's principle asset by far, was subject to a mortgage that Lyceum granted in 2006 in the original amount of $2,500,000 which had increased through nonpayment, by 2014, to approximately $7 million. Richmond personally guaranteed the mortgage. It is not clear from the record whether the appellee P.B. #7 is the original or a successor mortgagee, but it held the mortgage at all times relevant to these proceedings.

---

[1] The parties sometimes refer to the debtor as a "corporation" and Richmond as its "sole shareholder." If, however, as its name suggests, Lyceum is a limited liability company, then it is not a corporation and its ownership interest is through membership. The distinction is immaterial in this case.

2

Lyceum never made any payments on the mortgage and default interest and maintenance expenses continued to accrue. Commencing in approximately 2008, the property went into foreclosure, initiated either by P.B. #7 or its predecessor in interest. After four years of litigation, in 2012, P.B. #7 obtained a judgment of foreclosure. On the eve of the foreclosure sale, Lyceum filed for relief under Chapter 11 of the Bankruptcy Code, thus staying the sale.

The Bankruptcy Court granted P.B. #7's motion in the Lyceum case to lift the automatic stay to permit the foreclosure sale to proceed. See In re 231 Fourth Avenue Lyceum, LLC, 506 B.R. 196 (Bankr. E.D.N.Y. 2014). The Court noted that Lyceum had generated no income since the filing of its Chapter 11 petition. It found that although Lyceum had proposed a plan of reorganization, the plan was not feasible because it was premised on an income stream that Lyceum had never had and there was no reason to believe it ever would.

After the automatic stay was lifted as to Lyceum, Richmond, proceeding *pro se*, filed his own Chapter 13 case. He was a named defendant in the foreclosure action as a result of his guarantee of Lyceum's mortgage debt, and thus when he filed his Chapter 13 proceeding, it had the effect of re-imposing the automatic stay and preventing the foreclosure sale. P.B. #7 again moved to lift the automatic stay and the Bankruptcy Court granted that motion.

The United States Trustee moved to dismiss Lyceum's Chapter 11 case. Lyceum did not file any opposition nor appear at the hearing on that motion although Richmond, appearing *pro se*, purported to file opposition. The Bankruptcy Court granted the motion, finding on the record that Lyceum had failed to submit opposition or appear at the hearing, that there was an absence of activity or any effort by Lyceum to move the case toward confirmation, and that Lyceum had failed to file statutorily-required operating reports. It directed the United States Trustee to settle an Order on one week's notice.

The United States Trustee settled the Order on 14 days' notice, seven days longer than had been ordered by the Bankruptcy Court. Lyceum objected on the sole ground that the U.S. Trustee's Notice of Settlement of the Order did not comply with Local Bankruptcy Rule 2002-1(a) and (c), which, for certain types of orders, requires 21 days' notice plus a couple of other procedural disclosures. The Bankruptcy Court overruled the objection and entered the Order dismissing Lyceum's Chapter 11 case. In its Order dismissing the case, the Bankruptcy Court noted that although Richmond had filed opposition to the motion as President of Lyceum, Lyceum could only appear through counsel, and that Lyceum itself, which had been and, on this appeal, remains represented by counsel, had not objected to dismissal or appeared at the hearing.

The property was finally sold at foreclosure for $7.6 million. The sale closed on January 20, 2015.

## II

The procedural history and resulting posture of these appeals is a lot more complicated than the issues that they raise. At the outset, it is important to note what is not under appeal.

First, in the Lyceum Chapter 11 case, the Order granting P.B. #7's motion to lift the automatic stay against Lyceum and allow the foreclosure to proceed is not under appeal; Lyceum did file an appeal from that Order, but failed to comply with scheduling orders, and Judge Kuntz dismissed the appeal on December 5, 2014. 231 Fourth Avenue Lyceum, LLC v. PB #7, LLC, Case No. 14-cv-2860 (WFK) (E.D.N.Y. Dec. 5, 2014).

Second, the Bankruptcy Court's decision to dismiss Lyceum's case is under appeal only to a very limited extent. Lyceum does not raise any claim of substantive error in the dismissal of its case. This may be because it never filed an objection to the motion to dismiss, whether under

4

the briefing schedule that the Bankruptcy Court had set or otherwise, and thus has no standing to challenge it on appeal. Rather, Lyceum alleges that the Notice of Settlement of the Order dismissing its case failed to comply with the content and timing requirements of Local Bankruptcy Rule 2002-1, and that this failure amounted to a deprivation of its right to due process of law.[2] In addition, Lyceum separately appeals from the Bankruptcy Court's denial of its motion for reconsideration on that point.

As to Richmond's Chapter 13 case, his first appeal is from the Bankruptcy Court granting of P.B. #7's motion to lift the automatic stay. His second appeal is from a subsequent order denying his four motions for reconsideration of that Order (referred to in that Order as "the Motion to Reconsider, the Motion to Reargue, the Second Motion to Reconsider, and the Second Motion to Reargue").

## III

To understand why these appeals do not present a case or controversy, it is first necessary, albeit counterintuitive, to address the merits of Lyceum's appeals. There is no dispute that the U.S. Trustee complied with Local Bankruptcy Rule 9072-1 in submitting its Notice of Settlement of an Order to reflect the Bankruptcy Court's ruling. That Rule, entitled "Settlement or Submission of Order, Judgment or Decree," provides, in part:

> (a) *Settlement of Order, Judgment or Decree.*
>
> If, following a trial, hearing, or decision in an adversary proceeding or contested matter, the Court directs a party to settle an order, judgment, or decree, the party shall, within 14 days of the Court's direction, or such other time period as the Court may direct, file its proposed order, judgment, or decree upon at least 7

---

[2] The limited scope of the appeal has led to some confusion between the Court and Lyceum in this appeal. The Court observed that the order dismissing the Chapter 11 case has not been appealed. Lyceum says that it has. In fact, as noted above, no issue exists as to whether the Bankruptcy Court had grounds to dismiss the case; Lyceum appeals only based on the alleged non-compliance with the Local Bankruptcy Rule.

5

> days' notice to all parties to the adversary proceeding or contested matter … . Counter-proposals of the proposed order, judgment, or decree shall be filed and served on at least 3 days' notice.

E.D.N.Y. Local Bankruptcy Rule 9072-1(a). In the instant case, following the hearing on the U.S. Trustee's motion to dismiss, at which the Bankruptcy Court granted the motion, the Bankruptcy Court expressly directed the settlement of an Order on 7 days' notice: "And so I'm going to grant the United States Trustee's dismissal motion and you can settle an order … [o]n one week's notice." That is precisely what the U.S. Trustee did, except that it filed its Notice of Settlement of the Order on 14 days' notice, giving Lyceum more time than the Bankruptcy Court had required.

Lyceum did not object to the substance of the proposed order dismissing the case. It could not, for it had failed to file any opposition to the motion and had not appeared at its hearing. Instead, it objected solely on the ground that the Notice of Settlement did not comply with Local Bankruptcy Rule 2002-1. That Rule, entitled "Notices of Presentment," provides, in part:

> (a) Contents of Notice of Presentment.
>
> Whenever "notice and a hearing" (as defined in Bankruptcy Code § 102(1)) are specified in the Bankruptcy Code or Bankruptcy Rules but a hearing is not mandatory, the entity proposing to act or obtain an order, in lieu of proceeding by notice of hearing, may proceed by filing a motion or application with the Clerk, together with proof of service and a notice of presentment. The notice of presentment shall set forth:
>
> (i) the date by which objections or responses to the proposed action or order shall be served and filed;
>
> (ii) the date and time when the action will be taken or the proposed order will be presented for signature if there is no objection, and a statement that the action will be taken or the order may be entered without a hearing unless a timely objection is made; and
>
> (iii) the date on which a hearing will be held if a timely objection is made.

Rule 2002-1(c) further provides that "notice of presentment under subdivision (a) of this rule shall provide at least 21 days' notice of the date set for the proposed action or the presentment of the proposed order."

The only issue that Lyceum raises before me is whether the United States Trustee was required to proceed under Local Bankruptcy Rule 2002-1 instead of Local Bankruptcy Rule 9027-1. It contends that the failure to do so deprived it of due process of law. The argument fails on several different grounds.

First, Lyceum misapprehends the applicability of Local Bankruptcy Rule 2002-1. It is an optional, abbreviated procedure available to a proponent seeking relief, usually the debtor, for ministerial or other likely-to-be uncontested matters. Its purpose is to eliminate the need for drafting and submission of motion papers and the convening of hearings for such day-to-day matters as are necessary for the debtor-in-possession to run its business. It must be remembered that because the debtor-in-possession operates as a fiduciary under the aegis of the Bankruptcy Court, it often needs to ensure that its conduct is authorized by the Court even if it is unlikely that parties in interest in the case will wish to take any position on a specific proposed action. Similarly, some matters resolved on consent are of interest only to the debtor and the particular creditor at issue, rather than to the creditors of the estate as a whole, and the debtor and the particular creditor will therefore determine to proceed by Notice of Presentment just to make sure that no other party-in-interest has any objection to their resolution.

Thus, in the typical Chapter 11 case in this Circuit, there may be dozens, hundreds, or in a mega-case, thousands of Orders that are entered based on a Notice of Presentment. And if any party-in-interest in the case wishes to object, that party has 21 days' notice to think about it, negotiate with the proponent to perhaps file an amended Notice of Presentment, or to file an

objection if necessary. If that party does file an objection, then the matter will require the proponent to proceed to a hearing to obtain the relief sought.

Local Bankruptcy Rule 9072-1, in contrast, applies to an entirely different situation. The party seeking relief has determined not to proceed via Local Bankruptcy Rule 2002-1, probably because the relief sought requires the Court's careful consideration or is likely to be contentious. The party seeking relief will therefore have commenced an adversary proceeding (see Fed. R. Bankr. P. 7001) or, as in the present case, a contested matter (see Fed. R. Bankr. P. 9014) to allow a full hearing or trial before the Bankruptcy Court.

Of course, a motion to involuntarily dismiss a Chapter 11 case is the paradigm of when not to use Local Bankruptcy Rule 2002-1 and to instead proceed directly to a contested matter, for not many debtors will do what Lyceum did here by failing to oppose the dismissal of their own voluntary Chapter 11 case. Unlike Local Bankruptcy Rule 2002-1, which is an optional means of both initiating and, if the proponent surmises correctly, concluding a request for relief from the Bankruptcy Court, Local Bankruptcy Rule 9027-1 comes at the end of a contested process, when the Bankruptcy Court has made its ruling after a hearing but wants all parties in interest to have the opportunity to review the form of the Order containing the relief that the Court determined to award at the hearing.

In sum, Lyceum is relying on the wrong Local Rule.[3] This was not a Notice of Presentment situation and the U.S. Trustee had no obligation to proceed by that route. Indeed, once the U.S. Trustee filed a motion for the relief requested and the motion came on for hearing,

---

[3] It may be that Lyceum's lawyer, David M. Blum, Esq., has no or limited bankruptcy experience. The record discloses not only Lyceum's confusion with the basic bankruptcy procedures described above, but that Lyceum filed a plan of reorganization without the mandatory disclosure statement; it failed to submit opposition or appear at the hearing on the motion to dismiss; it failed to file pay required fees; it filed separate appeals from a challenged order and a motion for reconsideration of the same order; and its brief on appeal consistently refers to the "U.S. attorney" when it means to refer to the U.S. Trustee.

8

and the Bankruptcy Court directed the settlement of an Order, the U.S. Trustee did not even have the option of using a Notice of Presentment. This was a Notice of Settlement after a hearing on a substantive matter, an entirely different procedure. Subject to Bankruptcy Court Order, it was the only procedure available to the U.S. Trustee at that stage and it was the procedure directed by the Bankruptcy Court and its Local Rules.

But there is more than that. The objection that Lyceum filed to the Notice of Settlement, which was a one-page boilerplate form mislabeled "Objection to Notice of Presentment" (instead of Notice of Settlement), gave no indication as to why Lyceum preferred the Notice of Presentment path. Lyceum did not point to any infirmity in the proposed Order. It only claimed that the Notice of Settlement was defective because it did not contain an objection date, a proposed hearing date in the event of an objection, and did not allow for 21 days for objections.

But what if the Notice of Settlement had contained those provisions? In other words, what if the U.S. Trustee had complied with the procedural requirements of Local Bankruptcy Rule 2002-1? Even at this late stage, Lyceum has not told me that it had any grounds for objecting to the proposed Order. It must be remembered that Lyceum had already waived its right to object to dismissal of the case by failing to file opposition to the U.S. Trustee's motion and failing to appear at the hearing on the motion. Without telling me in any respect what would have changed had the U.S. Trustee followed the procedures in Local Bankruptcy Rule 2002-1, I must conclude that even if the Bankruptcy Court erred in not following that Rule – and for the reasons set forth above, it plainly did not err – any error would be harmless.

I suppose it is possible that Lyceum believes that it could have used the Notice of Presentment path to raise any objections to dismissal that it had. But that is clearly wrong. The Bankruptcy Court had set a briefing schedule and Lyceum failed to participate or even show up

9

at the hearing.  Regardless of whether the proper vehicle for settlement of the Order was a Notice of Presentment or Notice of Settlement, once the matter reached that stage, the only point that Lyceum could have raised was the formulation of the Order dismissing its case.

Finally, Lyceum's invocation of the Due Process Clause is borderline sanctionable, something that would be expected from a *pro se* litigant, not a represented party.  Lyceum does not contend that it lacked notice of the hearing on the motion to dismiss; nor that it lacked notice of the settlement of the Order, to which, as noted above, it timely objected.  Having had notice and an opportunity to be heard on all issues, and having raised none of substance, these appeals do not present a colorable due process claim.

### IV

### (A)

After these appeals were fully briefed, upon learning that the real estate that constitutes Lyceum's principal asset might have been sold while the appeals were pending, I issued an Order *sua sponte* for the parties to show cause why these appeals should not be dismissed as moot.  It seemed likely that the whole purpose of Lyceum's bankruptcy filing was to prevent foreclosure so that its estate could be reorganized around a continuing business use of the property, and that Richmond was simply seeking leverage to get out of or reduce his exposure on his guarantee.  If it was indeed true that the property had been sold and the debtors' liabilities liquidated, it did not seem that there is any relief that an appellate court could order in the context of these appeals that would restore the debtors' estates to a condition where the rulings on these appeals would make any difference.

The United States Trustee and P.B. #7 responded to the Order to Show Cause by agreeing with the Court's hypothesis that the sale rendered the appeals moot. Lyceum put in a perfunctory response that, beyond rearguing its due process point described above, simply asserted that its appeals were not moot because there is a surplus from the foreclosure and it is now "in a much better position to emerge successfully from bankruptcy."

This assertion, assuming *arguendo* that it is accurate (and Lyceum neither submits nor points to anything in the record to support it), misses the point. Lyceum's Chapter 11 case has been dismissed, and it is never going to be revived no matter what I do on this appeal. This is true for two reasons: (1) it failed to perfect its appeal from the P.B. #7's lift stay motion, which resulted in the dismissal of that appeal and the sale of its property; and (2) it never opposed the U.S. Trustee's motion to dismiss. This second point means that if I found merit in its appeal (as noted above, I do not), the most I could do is remand and force the Trustee to serve a Notice of Presentment of the same Order under Local Bankruptcy Rule 2002-1 – a form of order as to which Lyceum has voiced no objection, and which I have no reason to believe there is any, as it appears to appropriately reflect the Bankruptcy Court's ruling on the record.

I need not determine, as to Lyceum, whether we are faced with the doctrine of mootness, or a broader lack of a case or controversy, or whether a decision here would contravene the prohibition against giving advisory opinions. The fact remains that with the property sold and with Lyceum's case over, there is nothing that can be done on these appeals that would be of any assistance to Lyceum.

**(B)**

Richmond has also submitted opposition the Order to Show Cause. His first point is straightforward enough. He contends that I have acted improperly in raising this issue *sua*

11

*sponte* because the parties did not. Relatedly, he contends that the Order to Show Cause was based on an internet posting and that is not acceptable proof that the property has been sold.

The first part of Richmond's objection fails to recognize that this Court has an obligation to *sua sponte* question its subject matter jurisdiction if, at any time, facts come to its attention that put its subject matter jurisdiction in doubt. See Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs., 607 F.3d 951, 955 (2d Cir. 2010). The existence of a case or controversy, one aspect of which can be the mootness, goes to the subject matter jurisdiction of the Court. See generally Anjum v. J.C. Penney, Inc., No. 13-cv-460, 2014 WL 4090018 (E.D.N.Y. Oct. 9, 2014).

As to the second part of this objection, Richmond is correct that it would be improper to act on the basis of an internet posting. That is why the Court issued an Order to Show Cause – so that the parties would have the opportunity to place the facts relating to the Court's subject matter jurisdiction before it. The United States Trustee has done so. It has submitted the closing statement for the foreclosure sale showing that the property was sold on January 20, 2015 by the referee in foreclosure, as seller, to Greystone Property Development II Corp., for $7.6 million. Richmond has submitted nothing to contradict these facts.

Richmond's second point is that there are collateral consequences from dismissal of these appeals that go beyond the relief he seeks. He notes that the cases preclude a finding of mootness if "any effectual relief whatever" can be ordered, citing Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992). Richmond is vague as to what some of these collateral consequences are, but to the extent I can understand his point, it has no merit.

12

First, he states simply that "the lifting of the stay … allowed receiver [sic] to renew pursuit of contempt charges" against Richmond, and he cites upcoming hearings on the contempt in state court. Richmond has not directed me to any portion of the record on appeal that discusses these contempt charges, but I will infer that (a) a receiver was appointed in the state court foreclosure action; and (b) the receiver has contempt proceedings pending against Richmond for failing to turn over possession, rents, or other property that came into his possession prior to his filing under Chapter 13 or Lyceum's filing under Chapter 11.

The Bankruptcy Court's Order is narrow and does not affect this collateral consequence. It simply provided that "the automatic stay … is vacated as to P.B. #7's interest in the Property, to permit P.B. to exercise its rights and remedies with respect to the Property," and it further directed the City and State recording authorities to file its Order. The Bankruptcy Court's Order specifically provides that the stay is not lifted with respect to P.B. #7's pursuit of any deficiency claim that it may have against Richmond. Richmond is still a debtor in a Chapter 13 case, and he is still protected by the automatic stay. If he acted in violation of state law prior to his bankruptcy filing by failing to follow court receivership orders, the automatic stay may or may not protect him, but if it does not, that is not by virtue of the Orders on appeal in this case; it is by virtue of the scope of the automatic stay itself. The Orders simply permitted the sale of the property.

More fundamentally, I cannot construe the word "effectual" as broadly as Richmond would like. He seems to view this appeal as a back-door means of reviving Lyceum's interest in the property. He presumes that a federal appellate court can unwind the sale, taking it out of the hands of a third party and restoring it to Lyceum because any third party purchaser should have had notice of the pendency of his state and federal court proceedings, and thus purchased at its

own risk. As other courts have noted, this appeal cannot restore the status quo, see e.g. NKL Enterprises L.L.C. v. Oyster Bay Management Co., LLC, No. 12-cv- 4091, 2013 WL 1775051, *4 (E.D.N.Y. April 25, 2013); In re Watkins, 362 B.R. 568, 572-73 (E.D.N.Y. 2007), and I would not do it if I could. Lyceum cannot get the property back on this appeal because, as discussed above, it forfeited its right to challenge the lift stay motion and waived its right to raise substantive grounds for challenging the dismissal of its case; even less can Richmond, who has no ownership interest in the property, use this appeal to obtain for Lyceum that which it cannot obtain for itself.

Richmond and Lyceum failed to obtain a stay of the foreclosure sale from this Court and apparently did not seek or obtain one from either the Second Circuit or the state courts. Under those circumstances, a purchaser has to have confidence in his ability to purchase property free and clear at a foreclosure sale, else the mere pendency of an appeal, all the way through the New York Court of Appeals and potentially through the disposition of a petition for a writ of certiorari to the United States Supreme Court, would serve to prevent foreclosure sales. The process of state court foreclosure would take even longer than the more than six years it took in this case.

The other collateral consequences which Richmond contends save this appeal from mootness have even less merit. He strongly objects to the Bankruptcy Court's reference to him as a "serial" filer, contending that but for that reference, he "would be innocent till proven guilty in any further Bankruptcies [sic] as opposed to guilty until proven innocent." The Bankruptcy Court was referring to Richmond's strategic decision to first cause Lyceum to file and then to file his own proceeding only when the stay as to Lyceum was lifted. Its use of this term seems appropriate to me but in any event, it is not a sufficient consequence to warrant preservation of the appeal. The same is true of Richmond's reference to New York Judiciary Law §487,

apparently contending that some attorney – perhaps P.B. #7's – will have a greater exposure for damages if the stay is not lifted. This claim is entirely speculative and there is no way that this appeal can affect it.

The fact is that these appeals became pointless by the combination of Lyceum's failure to oppose the U.S. Trustee's motion to dismiss and failure to perfect its appeal from the Order granting the motion to lift the stay. The pointlessness was only made more apparent when the property was sold. With no relief that can be issued that will have any impact on these bankruptcy cases, the appeals are dismissed as moot.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
   February 24, 2015